## STATE OF FLORIDA v. CHARLOTTE HARBOR PHOSPHATE CO.

(Circuit Court of Appeals, Fifth Circuit. December 3, 1895.)

### No. 437.

1. TERMS OF COURT—ADJOURNMENT.

A term of a United States circuit court may be adjourned, in the discretion of the presiding judge, to a distant day, and its regular and continuous session may be resumed on such day, as a part of the same term, though another term of the court has been held, during the adjournment, at another place.

2. RULES OF COURT.

The rules of the circuit court of appeals in regard to the return day of appeals and to the filing of the transcript are directory, and it is within the sound discretion of the court to relieve parties who have not complied therewith.

3. PRACTICE ON APPEAL—FILING TRANSCRIPT—RELIEF FROM DEFAULT.

After the dismissal of a bill by the circuit court, and at the same term, the complainant filed in open court a prayer for an appeal to the circuit court of appeals, which was allowed, and an order made allowing the appellant 90 days from a day named to file the record, but fixing no return day. The respondent at the same time consented to the filing of an informal appeal bond. The order was not filed with the clerk of the appellate court, and after the expiration of 30 days the appeal was docketed and dismissed by the clerk, on the respondent's application, under rule 16 of the circuit court of appeals. The appellant, within the 90 days allowed by the order, presented a transcript of the record, but the clerk declined to file the same or docket the cause. *Held*, that although the requirements of rules 14 (11 C. C. A. civ., 47 Fed. vii.) and 16 (11 C. C. A. cvi., 47 Fed. viii.), as to fixing a return day and filing the order of enlargement, had been disregarded, for which the appellant was responsible, yet as the transcript had been presented at and before the first term of the appellate court after the appeal, and as it appeared that no injury would result from the nonenforcement of the decree, the appellant should be permitted to docket the cause, on condition of paying all costs of the appellate court.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

S. M. Sparkman, for appellant.

H. Bisbee and C. D. Rinehart, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

PARDEE, Circuit Judge. At a term of the circuit court for the Southern district of Florida in session at the city of Jacksonville on the 1st day of April, 1895, a decree was entered dismissing the bill of complaint of the state of Florida against the Charlotte Harbor Phosphate Company, with costs. The said court continued in session from day to day thereafter until the 4th day of May, 1895, when, by an order duly made and entered, the court was adjourned until Monday, June 17, 1895. This adjournment appears to have been taken to enable the judge of the district to open and hold a term of the circuit court in said district at Key West, fixed by law for the first Monday in May. On June 17th, in accordance with the adjournment, the circuit court was again opened at Jacksonville, and continued in session thereafter. On June 18, 1895, the state of Florida, through its counsel, filed in open court a prayer for an appeal to this court from the aforesaid decree of dismissal, and also filed therewith an assignment of errors, and the court thereupon entered an order as follows: "The foregoing claim for appeal is allowed, and appellant is allowed ninety days beyond the 18th day of July in which to file the record in the appellate court." On the same day an agreement was filed, signed by the solicitors for the Charlotte Harbor Phosphate Company, consenting that an appeal bond for costs, signed by two sureties alone, and not signed by the state of Florida, might be filed in the case as a sufficient appeal bond for costs; and thereupon, on the same day, an appeal bond in the sum of $500, with two sureties, was filed, and approved by the presiding judge. On September 30, 1895, no transcript having been filed in this court, nor any enlargement of the time for filing the same having been filed with the clerk of this court, the appellee, upon producing the proper certificate, procured the clerk of this court, under our rule 16 (11 C. C. A. cvi., 47 Fed. viii.), to docket and dismiss the cause. 70 Fed. 336. On the 15th day of October, 1895, the appellant presented a transcript to the clerk, with a request to docket the cause and file the record. This the clerk declined to do, because, on sufficient certificate, he had previously docketed and dismissed the cause. On the first day of this term comes the appellant, and moves the court to vacate the said order of dismissal, and order the said cause to be docketed, and the record filed nunc pro tunc, on the ground that the appeal was regularly taken and perfected, the order enlarging the time in which to file the transcript regularly made, and the failure to file the said order with this court was the fault of the clerk of the circuit court, for which the appellant is not responsible, and, by way of argument, that the rules of this court in relation to the taking and perfecting of appeals, and concerning the time in which the transcript shall be filed, are directory; of course, contending that the present case is one appealing

strongly for an exercise of the discretion vested in the court.    In opposition to this motion, it is contended that the appeal bond was not regularly taken, because, although the proceedings had in relation thereto were in open court, yet they were not had at the same term of the court at which the decree was rendered, and therefore a citation was necessary to be issued and served on the appellee; and this for the reason that between the term at which the decree was rendered and the adjourned term, at which the motion for an appeal was granted, a term of the court was required by law to be held, and was held, at Key West, and, further, that even if the appeal was taken in open court, and at the same term, no return day was fixed, as required by rule 14, par. 5, of this court (11 C. C. A. civ., 47 Fed. vii.), nor was any order of enlargement of the time in which to file the record properly made and filed, as required by rule 16.

As a general proposition, the court had power to adjourn to a distant day, within the discretion of the presiding judge, and, at the time designated, resume the regular and continuous session of the court.    Anon., 1 Cranch, C. C. 139, Fed. Cas. No. 442; Mechanics' Bank v. Withers, 6 Wheat. 107.    It is difficult to see why the intervention of another term at another place during the adjournment should affect the matter, and constitute an exception.    We are therefore disposed to hold that the proceedings in relation to an appeal that were had on the 18th of June, 1895, in open court at Jacksonville, were at the same term, and, if sufficient in themselves to amount to an appeal, then no citation was necessary; and, we are the more inclined to this because the record shows that the counsel for the appellee had full notice of said proceedings, consenting to an informal bond in aid thereof.

The proceedings themselves give us the most difficulty.    The alleged order allowing an appeal does not provide any return day, unless, perhaps, by implication, 120 days were fixed therefor.    This is in total disregard of our rule 14, par. 5, which requires that "all appeals, writs of error and citations must be made returnable not exceeding thirty days from the day of signing the citation."    If, however, we overlook this matter, then we find that our rule 16, which at that time permitted, for good cause shown, the justice or the judge who signed the citation to enlarge the time for filing the record with the clerk of this court, and requiring the order of enlargement to be filed with the clerk of this court, was wholly disregarded in spirit by the claimed order of enlargement, and disregarded in letter and spirit with regard to filing the said order with the clerk of this court.

It is claimed that this failure to file the order of enlargement was a neglect of the clerk of the lower court, for which the appellant is not responsible.    We cannot assent to this.    The order enlarging the time in which the transcript shall be filed is an order to be granted by one of the judges named in the rule, and by the rule it is specifically directed to be filed in this court.    It was not the business of the clerk of the circuit court to obtain such an order, file it in his office, or transmit it to this court; but it was the duty

of the appellant not only to procure the order, but to see to the proper lodgment of the same.

The case then presented is whether the appellant, without having obtained an order of appeal returnable within 30 days, in accordance with the rules of this court, and where our rule in relation to filing the transcript has not been complied with, shall now be allowed to docket the cause and have the same heard. The rules of this court in regard to the return day of appeals and to the filing the transcript are directory, and it is within the sound discretion of the court to relieve parties who have not complied therewith. While we say this, we also say that the rules of the court, although directory, were made to be observed, and that our patience is tried with applications for relief where counsel have utterly ignored and disregarded their plain requirements. An observance of the rules preserves the rights of parties, and facilitates the business of the court. Disregard of them not only injuriously affects the rights of parties, but delays and embarrasses the court, to the hindrance of other causes. In the case at hand it appears that, although no actual return day was fixed for the appeal, yet at the time of the order the appellee was, in court by counsel, who had full knowledge of the proceedings consenting to an informal appeal bond, and that, although no proper order enlarging the time of filing the transcript was made and filed in this court, yet the transcript was presented to the clerk at and before our first term after the order of appeal was taken. The decree appealed from was not a money decree, the nonenforcement of which could seriously affect the rights of the appellee, who, it would seem, has only been prejudiced, if at all, by the expenses and trouble of docketing and dismissing the cause, and of contending against the present motion to redocket the same. Considering all these matters, a majority of the judges are of opinion that the exercise of sound discretion requires that the motion to docket be granted, on condition that the appellant shall pay all costs incurred in this court up to this time, including the costs heretofore made in docketing and dismissing under rule 16, and it is so ordered.