LOVE, County Judge, et al. v. BUSCH et al.

(Circuit Court of Appeals, Fifth Circuit. January 9, 1906.)

No. 1,430.

1. APPEAL—GROUNDS FOR DISMISSAL—FAILURE TO COMPLY WITH RULES.

The rule of the Circuit Court of Appeals, requiring writs of error and citations to be made returnable and the transcript to be filed not exceeding 30 days from the day of signing the citation, is directory and not jurisdictional, and an appeal will not be dismissed because of noncompliance therewith, where the appellee has appeared and it appears that no injury has resulted from the failure to comply with the rule.

2. COURTS—APPELLATE JURISDICTION—CIRCUIT COURT OF APPEALS.

An appeal lies from a Circuit Court to the Circuit Court of Appeals in a case where diversity of citizenship is duly alleged as the basis for the jurisdiction of the Circuit Court and the substantial question involved is the validity and proper construction of a state statute which is alleged to be void as in violation of the federal Constitution.

[Ed. Note.—Jurisdiction of Circuit Court of Appeals, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

3. SAME—STATE DECISIONS BINDING ON FEDERAL COURTS—TEXAS COURT OF CRIMINAL APPEALS.

Upon the question of the construction of a Texas statute, enforceable through criminal proceedings, a federal court is bound by the construction placed thereon by the Texas Court of Criminal Appeals.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 957. State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

William Hodges, for appellants.

A. P. Park, W. S. Moore, and E. S. Connor, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. The bill in this case was filed in the Circuit Court for the Eastern District of Texas, at Paris, September

29, 1904, on behalf of August Busch et al., copartners under the name of August Busch & Co., citizens of the state of Missouri, against John W. Love, county judge, et al., all citizens of the state of Texas. The substance of the complaint is that on the 10th day of August, 1904, the commissioners' court of Lamar county, Tex., ordered an election to be held throughout said county to enable the qualified voters therein to determine whether or not the sale of intoxicating liquors should thereafter be prohibited in said county; that only 16 days' notice of such election was given; that in obedience to said order an election was held throughout said county on the 27th day of August, 1904, and a majority of the votes cast at said election was in favor of prohibition; that on the 10th day of September, 1904, said commissioners' court met, according to the laws of the state of Texas, canvassed the votes so cast, declared the result, and entered an order to that effect and prohibiting the sale of intoxicating liquors in said county of Lamar, under the provisions of the statute relating to such matters, and began the publication of this latter order in the Paris Weekly News. Appellees then charge that said election was void by reason of the fact that 20 days' notice of such election was not given, as required by the "Terrell Election Law." The bill prayed for an injunction restraining the defendants, their agents and employés, and all persons whatsoever, from the publication of the order of the commissioners' court of Lamar county, Tex., prohibiting the sale of intoxicating liquors in the said Lamar county, Tex., for a subpœna requiring the defendants to answer, for an order restraining the defendants pending the hearing of the bill, and for general and special relief.

On the bill an order was made requiring the defendants to appear before the district judge at Jefferson on the 3d day of October, 1904, to show cause, if any, why the restraining order applied for should not be granted. Subpœnas in chancery were issued, directed to all the respondents, requiring them to answer the bill on the 1st day of November following at the term to be holden at the city of Paris, Tex.; and on October 1, 1904, the defendants, all joining, filed a general demurrer to the bill. Thereafter, it appears, the following decree was entered in the case:

"August Busch & Company, Complainants, v. John W. Love, County Judge, et al., Defendants. In Equity, No. 20.

"The above-styled cause in equity, No. 20, in which application for injunction was filed in this court at Paris, Tex., on the 29th day of September, 1904, upon full argument for complainants and respondents, and the court having fully considered the matter, it is ordered by the court that the relief prayed for be granted as prayed for in the application above referred to, and that John W. Love, county judge of Lamar county, Tex., B. B. Brashears, J. O. Sisson, W. M. Gant, and J. W. Pennington, commissioners of Lamar county, Tex., and J. G. Marshal and Sayers Boyd be finally and perpetually enjoined from further publishing the order of the commissioners' court of Lamar county, Tex., prohibiting the sale of intoxicating liquors in said Lamar county, Tex., in the Paris Weekly News, published at Paris, Tex., or in any other newspaper published in said county.

"Done at Jefferson, Tex., on the fifth day of October, 1904.

"D. E. Bryant, Judge."

And said decree was followed by an injunction against the respondents, perpetually enjoining them from further publishing the order of

the commissioners' court of Lamar county, Tex., prohibiting the sale of intoxicating liquors in said Lamar county, Tex. On October 28, 1904, an appeal to this court was prayed for and allowed by the judge, an assignment of errors was duly filed on the same day, and thereafter, on the 1st day of November, a bond for appeal was accepted and approved by the judge. On the 4th day of November, the judge signed a citation in error directing the complainants in the court below to appear in the Circuit Court of Appeals at the term to be holden in the city of Ft. Worth in the state of Texas on the 7th day of November next, pursuant to the order of appeal, etc. This citation was duly served on the 7th day of November, 1904, and the transcript was filed in this court December 17, 1904.

A preliminary motion presented to the court is to dismiss the appeal herein, because, first, the citation in error issued in this cause was not made returnable within 30 days from the day of signing such citation, as required by section 5 of rule 14 of this court; second, because the transcript was not filed in the clerk's office within 30 days from the day of signing citation, as required by section 5 of rule 14 of this court; and, third, this court has no jurisdiction to hear and determine this appeal, for the reason that the matters in controversy involve the validity of a statute of the state of Texas, in that it is claimed in complainants' original bill that the statute of the state of Texas, known as the "Local Option Statute," is in contravention of the Constitution of the United States.

Paragraph 5 of our rule 14 as amended January 12, 1905, reads as follows:

"All appeals, writs of error, and citations must be made returnable and the transcript filed in the clerk's office at New Orleans not exceeding thirty days from the day of signing the citation, whether the return day fall in vacation or in term time, and be served before the return day. Provided, however, that appeals taken from interlocutory decrees under the seventh section of the act entitled 'An act to establish Circuit Courts of Appeals and define and regulate in certain cases the jurisdiction of the courts of the United States and for other purposes,' approved March 3, 1891, and amendments thereto, shall be made returnable not exceeding ten days from the day of taking the same."

This transcript does not show that the demurrer to the bill was passed upon, any answer filed or evidence taken or agreement for a final decree entered. The decree under the pleadings is interlocutory; in terms it is final. In either case our rules have not been complied with; but we notice that the appellees have duly appeared, and that no injury has resulted from the noncompliance with the rules, and, as they are directory and not jurisdictional, we are doubtful as to the justice of applying any penalty, and particularly such a harsh penalty as would be the dismissal of the appeal. See State of Florida v. Charlotte Harbor Phosphate Company, 70 Fed. 883–886, 17 C. C. A. 472, where this court passed upon a similar case, and where suggestions are made to which we again call the attention of the bar.

The bill duly alleges the diverse citizenship of the parties as a basis for the jurisdiction of the Circuit Court, and the substantial question involved is the validity and proper construction of a Texas statute. We think the appeal was properly taken to this court. See Huguley

Co. v. Galeton Cotton Mills, 184 U. S. 290, 22 Sup. Ct. 452, 46 L. Ed. 546; Filhiol v. Maurice, 185 U. S. 108, 22 Sup. Ct. 560, 46 L. Ed. 827.

On the merits, the whole case turns upon the question whether the local option statute of Texas (Rev. St. 1895, art. 3387) with regard to notice to be given of elections to be held thereunder was repealed by the so-called Terrell election law. Gen. Laws, 28th Leg. 1903, p. 133, c. 101. In the construction of state statutes the federal courts follow the highest courts of the state. Smiley v. Kansas, 196 U. S. 447, 25 Sup. Ct. 289, 49 L. Ed. 546. The local option statutes of the state of Texas are enforced through criminal proceeding, and in determining the validity and construction of such statutes the Court of Criminal Appeals of the state of Texas is the court of highest and last resort. Since the decision of this case in the Circuit Court, the Court of Criminal Appeals of the state of Texas has decided in Ex parte Keith (Tex. Cr. App.) 83 S. W. 683, and in Ex parte Neal (Tex. Cr. App.) 83 S. W. 831, that the Terrell election law, requiring notice of special elections to be published or posted 20 days prior to election, does not repeal the local option law (Laws 1899, p. 220, c. 128) in regard to notices, as the two laws are not in conflict and no intention to repeal the said law is manifested.

In our opinion this construction controls this court, and we follow the more willingly, because we concur in the reasoning of the learned judges giving the opinions. This conclusion necessitates the reversal of the decree below and the practical ending of the case, whether at issue or not, and therefore the other interesting questions presented in the assignment of errors need not be passed upon.

The decree appealed from is reversed, and the cause is remanded, with instructions to dismiss the bill.