RECTOR et al. v. ALCORN et al.

(Circuit Court of Appeals, Fifth Circuit. April 1, 1913.)

No. 2,449.

1. APPEAL AND ERROR (§ 365*)—ALLOWANCE OF APPEAL—INFORMAL ORDER—WRIT OF ERROR.

Where a petition and bond for an appeal and citation were presented to the trial judge, and he entered an order allowing a "writ of error" and fixed the amount of a bond for supersedeas and accepted a bond specifically providing for an appeal, a misuse of the term "writ of error" instead of "appeal" in the order would be treated as an inadvertence or informality, and was insufficient to deprive the Court of Appeals of jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1784, 1977–1988; Dec. Dig. § 365.*]

2. APPEAL AND ERROR (§ 405*)—PROCEEDINGS—CITATION—SIGNING.

Where an appeal has been taken, it is not necessary that the citation should be issued at the same time, but it may be issued thereafter by proper authority, even after expiration of the time for taking an appeal, if the allowance of the appeal was within the time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2120–2122; Dec. Dig. § 405.*]

3. APPEAL AND ERROR (§ 807*)—DISMISSAL—VACATING ORDER AND LEAVE TO DOCKET.

Final decree having been entered December 4, 1911, a petition for appeal was filed May 27, 1912, accompanied by bond and citation for the approval of the judge. An order granting the appeal was allowed and amount of the supersedeas bond fixed. No order fixing a return day, however, was made and on June 2d an assignment of error was filed in the trial court. On October 7th the time to file a transcript was orally extended, and on December 5th, no transcript having been filed, the case was docketed and dismissed, under Court of Appeals rule 16 (150 Fed. lxxix, 79 C. C. A. lxxix). On January 30, 1913, a citation directing appellees to answer the appeal sued out within 30 days was issued and signed by the trial judge and served February 4, 1913, and on February 10th the transcript was tendered to the clerk, who refused to file it, whereupon appellants moved to set aside the dismissal and for leave to redocket, showing that their attorney, on February 28, 1912, was shot and so severely injured, that he was unable to attend to the matter, and that what was done was by a brother attorney, whose services were requested; that when appellant's attorney partially recovered from his wounds he was compelled to take treatment in a sanatorium, and when he returned in September, 1912, he took up the matter of the appeal, procured the order extending the time for filing a transcript, and afterwards obtained a written certificate from the judge showing that such order was made. *Held*, that such facts were sufficient to move the court, in the exercise of discretion, to vacate the order of dismissal and to permit the redocketing of the appeal on terms.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3177–3188; Dec. Dig. § 807.*]

Action between E. W. Rector and another, as surviving executors, and May Yates Alcorn and another. On motion to set aside an order dismissing the appeal and for leave to docket the cause. Granted.

Wm. Grant and W. B. Grant, both of New Orleans, La., for the motion.

James H. Watson and Calvin Perkins, both of Memphis, Tenn., opposed.

Before PARDEE and SHELBY, Circuit Judges, and SHEPPARD, District Judge.

PARDEE, Circuit Judge. On December 4, 1911, a final decree was entered in this case, then pending in the United States Circuit Court for the Northern District of Mississippi. On May 27, 1912, a petition asking an **appeal** to this court was filed with the judge who tried and decided the case. The petition was accompanied by a bond and a citation for the judge's signature and approval. The judge, acting upon the petition, entered an order allowing a writ of error in the said case, and therein fixed the bond for a supersedeas on said writ of error at the sum of $3,000. At the same time he approved the bond for an appeal, conditioned to pay all damages and costs in case the appeal should not be prosecuted to effect.

Neither in the order allowing a writ of error nor in the bond for appeal approved by the judge was any return day fixed. See our rule 14 (150 Fed. lxxix, 79 C. C. A. lxxix).

On June 2, 1912, an assignment of errors was filed in the court below. On October 7th the trial judge orally extended the time within which to file transcript in the Circuit Court of Appeals. Rule 16 (150 Fed. lxxix, 79 C. C. A. lxxix). On December 5th, no transcript having been filed in this court, the case was docketed and dismissed under our sixteenth rule. January 30, 1913, a citation directing the appellees to answer the appeal sued out within 30 days was issued and signed by the trial judge, and the same was served February 4, 1913. February 10, 1913, the transcript was tendered the clerk of this court, who declined to file the same because the case had previously been docketed and dismissed.

As the case is presented in this court on this motion, it appears that J. W. Cutrer, Esq., was the appellants' attorney, charged to sue out, perfect, and prosecute the appeal. On February 28, 1912, Mr. Cutrer was shot in his office by an insane person and so severely injured that he was unable to attend to the matter. What was done was done by a brother attorney, whose services were requested in the matter. After Mr. Cutrer partially recovered from his wounds, he suffered an attack of appendicitis and fevers from his low state of vitality, etc., and was compelled to go to Hot Springs for treatment and subsequently to a sanatorium. He returned home the latter part of September, took up the matter of this appeal, procured the oral order from Judge Niles extending time for filing transcript, and afterwards a written certificate from the judge showing that such order was made.

On this state of the record, and for the excuses fully set forth in affidavits, we are now asked to allow the case to be reinstated on the docket of this court and the transcript filed.

[1] The first question is whether an appeal in this case was taken from the court below so as to vest this court with jurisdiction.

In Brandies v. Cochrane, 105 U. S. 262, 26 L. Ed. 989, it was held that no formal order of allowance of appeal was necessary, and that the Circuit Judge in that case, by taking the security and signing the citation, allowed the appeal. The court said, quoting from Credit Co. v. Arkansas Central Railway Co., 128 U. S. 258, 9 Sup. Ct. 107, 32 L. Ed. 448:

> "An appeal cannot be said to be 'taken,' any more than a writ of error can be said to be 'brought,' until it is in some way presented to the court which made the decree appealed from, thereby putting an end to its jurisdiction over the cause and making it its duty to send it to the appellate court. This is done by filing the papers, viz., the petition and allowance of appeal (where there is such petition and allowance), the appeal bond, and the citation. In Brandies v. Cochrane, 105 U. S. 262 [26 L. Ed. 989], it was held that, in the absence of a petition and allowance, the filing of the appeal bond, duly approved by a justice of this court, was sufficient evidence of the allowance of an appeal, and was a compliance with the law requiring the appeal to be filed in the clerk's office."

In this case the judge was presented with a petition for an appeal and bond for the same and a citation. Acting thereon, he entered an order allowing a writ of error and fixed the amount of a bond for supersedeas and accepted a bond specifically providing for an appeal.

The only trouble in this connection arises from the fact that the judge mentioned in the order of allowance a writ of error instead of an appeal as allowed, but we think that under the circumstances this can and should be treated as an inadvertence for which the appellant was not responsible, and that we may treat the order as one allowing an appeal, and at worst as an informal order to that purport.

[2] The record does not show that the judge issued or signed a citation, but if the appeal was taken citation was not necessary at that particular time. In Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127, it was held that a citation was not necessary to be issued at the time, but could be issued thereafter by proper authority, even after the expiration of the time of taking an appeal, if the allowance of the appeal were before such expiration. See, also, Lockman v. Lang, 132 Fed. 2, 65 C. C. A. 621.

In Florida v. Charlotte Harbor Phosphate Co., 70 Fed. 833, 17 C. C. A. 472, this court allowed the reinstatement of an appeal which had been dismissed under rule 16, although it appeared that no return day had been fixed, and no valid extension of time for filing the record had been made. See, also, Love v. Busch, 142 Fed. 429, 73 C. C. A. 545.

[3] It thus appears that the granting of the motion in this case is one within the discretion of the court, and we think the admitted facts in regard to the causes of the delay are such as to appeal strongly to the favorable exercise of such discretion; and we notice that the decree appealed from was not a money decree, the nonenforcement of which could seriously affect the rights of the appellee, who, it would seem, had only been prejudiced, if at all, by the ex-

penses and trouble of docketing and dismissing the cause, and of contending against the present motion to redocket the same.

As the case in the two respects in which our rules were not observed is almost identical with the case of State of Florida v. Charlotte Harbor Phosphate Co., supra, we think it well to repeat from our opinion in that case, as the trouble here arises fully as much from disregard of our rules as from Mr. Cutrer's physical disability.

"The rules of this court in regard to the return day of appeals and to the filing the transcript are directory, and it is within the sound discretion of the court to relieve parties who have not complied therewith. While we say this, we also say that the rules of the court, although directory, were made to be observed, and that our patience is tried with applications for relief where counsel have utterly ignored and disregarded their plain requirements. An observance of the rules preserves the rights of parties and facilitates the business of the court. Disregard of them not only injuriously affects the rights of parties, but delays and embarrasses the court, to the hindrance of other causes."

Considering all these matters, we are of opinion that the exercise of sound discretion requires that the motion to docket be granted, on condition that the appellant shall pay all costs incurred in this court up to this time, including the costs heretofore made in docketing and dismissing under rule 16, and shall cause the record and transcript to be printed within 60 days from this date; and it is so ordered.