## BALDWIN v. UNITED STATES.

(District Court, E. D. Tennessee, N. D. August 1, 1924.)

### No. 6821.

Criminal law ⟜1014, 1131(7)—Second writ of error not allowable, after dismissal of first writ by appellate court, but remedy is application to reinstate.

Dismissal of a writ of error by the Circuit Court of Appeals for failure to docket the case and file the record in or before the return day, as required by rule 16 of the Sixth Circuit Court of Appeals, does not deprive that court of jurisdiction to make further orders during the term, and the remedy of the plaintiff in error to secure a review thereafter is not by application to the District Court for a second writ, but by application to the appellate court to reinstate the case as seems to be contemplated by the provision of the rule that the case shall not be redocketed after such dismissal, "unless by order of the court."

Criminal prosecution by the United States against N. M. Baldwin. On petition by defendant for writ of error and supersedeas. Denied.

A. Y. Burrows and Thomas J. Cline, both of Knoxville, Tenn., for petitioner.

George C. Taylor, U. S. Atty., of Knoxville, Tenn., for the United States.

HICKS, District Judge. In this cause, on July 30, 1924, plaintiff in error filed with the clerk a petition for writ of error and supersedeas, together with assignment of errors. The clerk has presented these papers to the court, and I am assuming that they have been presented for the purpose of having a writ of error allowed.

I am of opinion that I should not act upon this petition for the following reasons: I allowed one writ of error in this case, which, upon motion of the district attorney, was dismissed in the Circuit Court of Appeals. This dismissal was because of the failure of the plaintiff in error to docket the writ of error and file the record on or before the return day. I do not think the remedy of the plaintiff in error is the allowance of a second writ of error. The second writ of error brings up for revision only proceedings subsequent to the mandate issued to the court below. Roberts v. Cooper, 20 How. 467, 15 L. Ed. 969. A second writ of error would therefore be valueless to the plaintiff in error. I am of opinion that, if the plaintiff in error yet desires a review by the Circuit Court of Appeals of the record in this cause, his remedy is by application to that court to have the case reinstated there. A writ of error was allowed to the present term of the Circuit Court of Appeals, and jurisdiction thereupon vested in the Circuit Court of Appeals, and that court has authority to act therein until the expiration of its present term. Evans v. Bank, 134 U. S. 330, 10 Sup. Ct. 493, 33 L. Ed. 917; Small v. Railroad Co., 134 U. S. 515, 10 Sup. Ct. 614, 33 L. Ed. 1006; Edmonson v. Bloomshire, 7 Wall. 306, 19 L. Ed. 91.

It is true that rule 15 of the Circuit Court of Appeals of this Sixth Circuit provides for a return day for writs of error, and that rule 18, cl. 2, provides that, if the appellant fail to comply with rule 15 by docketing the case and filing the record by or before the return day, the appellee may have the cause docketed and dismissed, but this does not strip the Circuit Court of Appeals of jurisdiction. Its jurisdiction continues to the end of the term, and the last sentence in rule 18 provides:

"In no case shall the appellant be entitled to docket the case and file the record after the same shall have been docketed and dismissed under this rule, *unless by order of the court.*"

To me it plainly appears that the original writ of error is valid until the expiration of the present term of the Circuit Court of Appeals, and that court has ample jurisdiction therefore to entertain an application to reinstate this cause upon its docket, and the plaintiff in error is mistaken in seeking the issuance of a second writ of error. Several of the courts of appeal have acted in accordance with this view. Rector v. Alcorn, 204 Fed. 748, 123 C. C. A. 125; Love v. Busch, 142 Fed. 429, 73 C. C. A. 545; Florida v. Phosphate Co., 70 Fed. 883, 17 C. C. A. 472; Freeman v. United States, 227 Fed. 732, 142 C. C. A. 256.

Entertaining these views, I decline to allow this second writ of error.