## Owings et al. v. Lessee of Tiernan.

The rule of court for docketing and dismissing causes, passed at January term 1835, has never been applied to any cases, where, before the motion was made, the cause has been actually placed on the docket. Under such circumstances, on a motion to docket, when a motion to dismiss was contemporaneously made, the cause was allowed to be docketed; the usual bond for the clerk's fees being given. Time was given to the plaintiff in error to give the bond.

ERROR to the circuit court of the United for the district of Kentucky.

A motion was made by Mr. Underwood for the defendant in error, to docket and dismiss this suit, according to the amended rule of the court passed at the last term, for want of its being duly entered on the docket; the writ of error having been sued out before the last January term, and the suit not having been docketed at that term, or at the present term. A motion was contemporaneously made by Mr. Crittenden for the plaintiff in error to docket the suit now, the record having been returned to the clerk's office in October last, and the docketing of it having been delayed on account of the usual bond for the clerk's fees not having been given by the plaintiff in error.

Mr. Justice Story delivered the opinion of the Court, to the following effect: The rule of the court for docketing and dismissing causes has never been applied to any cases, where, before the motion was made, the cause had been actually placed on the docket. In the present case, the motion to dismiss, and the motion to docket the cause, are contemporaneous. The court are of opinion that, under such circumstances, the motion to docket the cause ought to be allowed; upon the usual bond for the clerk's fees being given. For this purpose time will be given to the plaintiff in error, (as it is asked), until the 1st day of March next. If by that time no bond is given, the cause will then be dismissed according the motion of the defendant in error.