WEST CHICAGO ST. R. CO. v. ELLSWORTH.

(Circuit Court of Appeals, Seventh Circuit. January, 4, 1897.)

No. 358.

APPEAL—DOCKETING CASES—DISMISSAL.
　　Rule 16 of the circuit court of appeals (11 C. C. A. cvi.; 47 Fed. viii.), in respect to dismissing cases for failure to docket in time, will not be applied where, before the motion is made, the cause has been actually placed on the docket.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Motion to dismiss the writ of error.

John A. Rose, for street-railroad company.

Elmer E. Beach, for defendant.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The citation in this case was issued September 15, and made returnable October 14, 1896. On the ensuing 19th the judge who signed the citation made a nunc pro tunc order, as of the 14th, extending the time for filing the record to October 24, 1896. Two days before the expiration of that time, the plaintiff in error caused the case to be docketed in this court, and on the next day a motion to dismiss the writ of error, because the case was not docketed in time, was filed. The case of West v. Irwin, 9 U. S. App. 547, 4 C. C. A. 401, and 54 Fed. 419, is cited in support of the motion. That case was explained and distinguished in the opinion upon the motion of Daenell, intervener, in Farmers' Loan & Trust Co. v. Chicago & N. P. R. Co., 34 U. S. App. 626, 19 C. C. A. 477, and 73 Fed. 314. Rule 16 of this court (11 C. C. A. cvi.; 47 Fed. viii.), in respect to the dismissing of cases for failure to docket in time, is essentially the same as rule 9 of the supreme court (12 Sup. Ct. ix.), in respect to which in Owings v. Tiernan, 10 Pet. 24, that court said:

"The rule of the court for docketing and dismissing causes has never been applied to any case where, before the motion was made, the cause had been actually placed on the docket."

See, also, Gwin v. Breedlove, 15 Pet. 284; Bingham v. Morris, 7 Cranch, 99; and Sparrow v. Strong, 3 Wall. 103.

This court ruled the same way in the case of Chicago Dollar Directory Co. v. Chicago Directory Co., 24 U. S. App. 525, 13 C. C. A. 8; 11, and 65 Fed. 463, and in an earlier unreported case. In the First circuit a like ruling was made in Andrews v. Thum, 21 U. S. App. 459, 12 C. C. A. 77, and 64 Fed. 149; and in other circuits the decisions favor a liberal practice. Freeman v. Clay, 2 U. S. App. 151, 1 C. C. A. 115, and 48 Fed. 849; McClellan v. Pyeatt, 4 U. S. App. 98, 1 C. C. A. 241, and 49 Fed. 259; The Chatham, 8 U. S. App. 104, 3 C. C. A. 161, and 52 Fed. 396; State of Florida v. Charlotte Harbor Phosphate Co., 30 U. S. App. 536, 17 C. C. A. 472, and 70 Fed. 883; Jones v. Mann, 18 C. C. A. 442, 72 Fed. 85.

The motion is overruled.