MEARS v. LOCKHART.

(Circuit Court of Appeals, Eighth Circuit. April 10, 1899.)

No. 1,131.

1. APPEALS IN EQUITY—RECORD—FAILURE TO FILE PROOFS.

The evidence taken in an equity cause in a federal court must be made a part of the record and certified on appeal, otherwise it will be disregarded; and, unless the record contains some evidence to sustain the finding, the decree will be reversed.

2. EQUITY PRACTICE—MANNER OF TAKING PROOFS.

Testimony can only be taken orally before the court on the hearing of an equity cause "upon due notice given, as prescribed by previous order," in accordance with equity rule 67. It cannot be so taken on an ex parte order.

Appeal from the Circuit Court of the United States for the District of North Dakota.

E. Ashley Mears (W. H. Standish, on brief), for appellant.

John E. Greene (John F. Cowan, on brief), for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. Appellee filed his bill to remove a cloud from real estate, charging that appellant claimed some interest or estate in it adverse to appellee. An answer was filed, which, although very loosely drawn, and containing a great deal of irrelevant matter, set up some kind of an equitable title to the land in controversy. Exceptions were filed to the answer, which failed to allege as fully as is required by the rules of pleading prevailing in the federal courts in equity what claim he had; nor did he file the evidence of his claim, or copies of them, as exhibits to the answer. The exceptions were not brought to a hearing. Appellee filed a replication to the answer. On December 6, 1897, counsel for appellee entered an order on the rule book setting the cause for hearing on December 14th. No notice, other than the entry of this order in the rule book, was given to the appellant, which was "for final hearing upon the bill, answer, and testimony, to be at that time taken orally before the court." On that day there was a hearing, and a decree in favor of the appellee. The decree recites:

"This cause came on for hearing at this time before the court, pursuant to the order setting the same down for hearing, plaintiff appearing by John F. Cowan, Esq., his attorney, and no appearance being made on behalf of defendants; and after hearing evidence and proofs adduced on behalf of plaintiff, and arguments of counsel, it is ordered. * * *."

The record fails to show any of the evidence, except the contract or agreement under which appellant claims his equitable interest in the land, and which, in connection with the answer, show that he has an equitable interest therein; but there is nothing whatever in the record showing upon what evidence the court below rendered a decree in favor of the appellee. On appeal from a decree in equity the record must show some evidence to sustain the findings, otherwise the decree will be reversed. In the case at bar the record shows that appellant has an equity in the lands, and there is no evidence whatever showing that appellee has a better title, or any title which should prevail in a court of equity over that of the appellant under his contract.

The record shows that there was oral testimony introduced, presumably in pursuance of the order taken on December 6th, but there is no warrant of law for oral testimony to be taken at the hearing of a cause in equity on an ex parte order made by counsel. Section 862, Rev. St. U. S., provides that:

"The mode of proof in causes of equity and of admiralty and maritime jurisdiction shall be according to rules now or hereafter prescribed by the supreme court except as herein specially provided."

The supreme court, in pursuance of this statute, has adopted rules for the taking of testimony. The sixty-seventh equity rule provides the manner in which testimony may be taken. That rule does not permit testimony to be taken orally at the final hearing, except "upon due notice given as prescribed by previous order." When oral testimony is presented, it must be taken down and made part of the record, and upon appeal certified to this court; otherwise, it must be disregarded. Blease v. Garlington, 92 U. S. 1. In the case cited the whole subject is considered, and the proper practice settled. There being no evidence in the record to sustain the decree, it must be reversed, and the cause remanded, with leave to the parties to amend their pleadings as they may be advised, and to take proofs. Ordered accordingly.