Reams, &c. v. McHargue, Sheriff.

---

CASE 19—EXCEPTIONS BY SHERIFF TO A COMMISSIONER'S REPORT OF SETTLEMENT WITH HIM AS TAX COLLECTOR.—June 5.

# Reams, &c., v. McHargue, Sheriff.

APPEAL FROM LAUREL CIRCUIT COURT.

JUDGMENT SUSTAINING EXCEPTIONS AND REAMS', &C. APPEAL. REVERSED.

BILLS OF EXCEPTION—COMMISSIONER'S SETTLEMENT WITH SHERIFF AS TAX COLLECTOR—FAILURE OF FISCAL COURT TO ALLOW PROPER CREDITS—EXEMPTIONS OF PROPERTY FROM SALE FOR TAXES.

Held:   1. A bill of exceptions is not necessary to bring before the court of appeals the evidence heard upon the trial of exceptions to a commissioner's report of settlement with the sheriff as tax collector; the proceeding being, to all intents, a proceeding in equity.

2. Even in the absence of the evidence in such a proceeding, the judgment will be reversed if it appears from the settlement and exceptions thereto that the judgment is erroneous.

3. Under Kentucky Statutes, sections 4146, 4251, the fiscal court of a county has exclusive original jurisdiction to determine what allowance shall be made to the sheriff on account of insolvent and delinquent taxpayers; and the commissioner appointed to settle with the sheriff has no authority to allow him any credit on that account, or on account of duplicate lists or other errors in assessments, unless the fiscal court has first allowed him the credit, or exonerated him from liability for such claims; the sheriff having a remedy by *mandamus* if the fiscal court fails to allow him proper credits.

4. Though Constitution, section 170, exempts from taxation personal property of a person with a family, "not exceeding $250 in value," nothing is exempt from levy and sale for such taxes as the owner does in fact owe.

JAMES SPARKS, COUNTY ATTORNEY, FOR APPELLANTS.

H. C. EVERSOLE, OF COUNSEL..

Counsel for appellants insist that the lower court erred:

1. In overruling the demurrer filed by appellants to the exceptions of appellee.

2. By allowing appellees to introduce incompetent and irrelevant evidence.

3. In giving appellee credit for $71.25 claimed to be duplicate list, when said duplicates had not been exonerated by the fiscal court.

4. In giving appellee judgment for $66.00, which he, appellee, claimed was duplicate poll tax, as the proof does not show that said tax was duplicate listed or had been exonerated by the fiscal county court.

5. In giving appellee credit for $5.00 claimed for five polls which was charged to him as sheriff and alleged to have been released by the fiscal court and failing to show such release.

6. In giving appellee credit for $14.68 claimed by appellee to be erroneously listed and failing to produce any evidence to support such claim.

7. In giving appellee 937 delinquent polls without showing that same had been allowed him by the fiscal court.

8. In refusing to charge appellee in his settlement with $55.62 penalty on $932.43, which was shown by the evidence to be due from appellee to Laurel county January 1, 1900.

The decision of this case rests largely on the evidence and can only be determined by facts proven or facts claimed and not proven.

### AUTHORITIES CITED.

Ky. Stats., secs. 4072, 4146, 4250, 4251, 4021, 4147, 4143; Ky. Con., secs. 170, 171; Combs v. Crawford & Co., 19 Ky. Law Rep., 1704; Com. v. Boone County Court, 82 Ky., 632; Lowe v. Phelps, 14 Bush, 642; Cassidy v. Young, 92 Ky., 227; High's Extraordinary Legal Remedy, (3d Ed.), page 240, secs. 239, 240, 241; Montgomery County Court v. Chenault, 20 Ky. Law Rep., 704.

HENRY C. HAZLEWOOD, ATTORNEY FOR APPELLEE.

CHAS. R. BROCK AND H. C. FAULKNER, OF COUNSEL.

We contend for appellee:

1. That Laurel fiscal court, having failed to allow or reject each

Reams, &c. v. McHargue, Sheriff.

and every one of the claims presented; the commissioner had the right to pass upon them and allow or reject them according to their merits.

2. When the commissioner failed to allow appellee's claims, the county court, when exceptions were filed, should have passed upon their merits and allowed or rejected them.

3. After the county court failed to consider and try said exceptions, the circuit court had jurisdiction to try them *de novo* and make them conform to what was right.

We claim also that an exemption of certain named property from taxation exempts it from sale for taxes. The county has no lien on such exempt property, and the sheriff can not take it for taxes.

### AUTHORITIES CITED.

Duplicate and Erroneous Taxation, Ky. Stats., 4250, 4072; Livingston v. City of Paducah, 80 Ky., 650; Cooley on Taxation (2d Ed.), 165, 166.

Allowance of Delinquent List to Sheriff and Exemption of Property from Taxation and Sale for Taxes, Ky. Stats., 4251, 4321, 4026, 460; Constitution of Ky., sec. 170; Cooley on Taxation, page 201, note 4; Power and Duty of Fiscal Court to Settle with the Sheriff, Ky. Stats, 1834, 1840, 1884, 4146; Sheriff's right to Except to Settlement and to Trial of Exceptions, Ky. Stats., sec. 4146; Pulaski County v. Watson, 21 Ky. Law Rep., 61; Bouvier's Law Dictionary, Rawle's Revision, p. 1140.

Trial; Ky. Stats., 465; Louisville Bridge Co. v. Neafus, decided April 18, 1901.

CHAS R. BROCK, ATTORNEY FOR APPELLEE.

B. G. Reams was appointed commissioner by the Laurel fiscal court, at its October term, 1899, to settle with the sheriff (appellee) for said year.

Said commissioner filed his report and the sheriff filed his exceptions thereto which were heard by the county court and overruled, and the report confirmed. The sheriff appealed to the circuit court, where a hearing was had on the merits and, except as to one item, said exceptions were sustained and judgment entered accordingly. From this last-named judgment this appeal is prosecuted.

We contend:

1. That exceptions to a commissioner's report are not held to that strictness applicable to a pleading.

2. The sheriff is entitled to credit in his settlement for such taxes as are in fact twice charged against him, and the circuit court

on appeal from a judgment confirming the commissioner's settlement has plenary jurisdiction to correct all errors theretofore committed either in allowing or refusing to allow credits.

3d, 4th and 5th. Claims or credits allowed by the circuit court which the court deemed equitable and just. .

6. Property which is exempt from taxation is also exempt from seizure or distraint for taxes, and the sheriff had no right to distrain for poll tax property which under the Constitution is exempt from taxation.

### AUTHORITIES CITED.

Ky. Con., sec. 170; Cooley on Taxation, 201; Penn v. Clemens, 19 Ia., 372; Stewart v. Corbin, 25 Ia., 144; Ky. Stats, secs. 4021, 4026, 4072, 4146, 4251, 4321; Pulaski County v. Watson, 21 Ky. Law Rep., 61; Jones Adm'r. v. Jones, &c., 22 Ky. Law Rep., 1280; Louisville Bridge Co. ·v. Neafus, decided April 18, 1901.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

The appellee was sheriff of Laurel county in 1899, and at the October term of the fiscal court of said county the appellant Reams was appointed commissioner to settle with the said sheriff for the year 1899. Thereupon the commissioner proceeded to make a settlement, from which it appears that the sheriff was charged with the sum of $11,546.45, and credited by various sums, amounting in the aggregate to $10,555.06, showing a balance due from said sheriff of $927.27; and this settlement was filed in the clerk's office of said county on the 1st of May, 1900. On May 5, 1900, appellee filed exceptions to said settlement because the commissioner failed to give him credit for a duplicate list of $17,813.12, at 40 cents per $100, amounting to $71.25; also for 66 duplicate polls, including women and non-residents, at one dollar each, amounting to sixty-six dollars; also for five polls, of one dollar each, which were released by order of the fiscal court aforesaid; also because he failed to credit him with $14.68 listed for the purpose of taxation as belonging to people in Laurel county, when in fact said persons did not reside in Laurel county, nor have any property in said county;

also for failure to give him credit for $107.50 paid to the
First National Bank of London, being six per cent. pen-
alty due said bank on $1,793.33 worth of Laurel county
claims held by said bank which had not been paid when
due, there being at the time no funds in the hands of the
sheriff to pay same; also because the commissioner failed
to credit him with 937 polls or tithes, at one dollar each,
making $937, which he, as sheriff, reported, as required by
law, to the Laurel county fiscal court at its March term,
1900, and asked said court to allow him, but which said
court at the time and during the term neglected to take
any action whatever on the said delinquent list return-
ed as aforesaid.    It is further stated that the persons
whose names appeared on said delinquent list were the
owners of less than $250 worth of property at the time
of listing, and now have no property in their possession
except the amount allowed to each of said persons as
exempt from taxation and distraint under the Constitu-
tion and laws of this Commonwealth.    The county, by
its attorney, demurred to the exceptions, and to each of
them, because insufficient to show why the settlement
should not be confirmed.    The county also filed exceptions
to the report because it failed to charge said sheriff with
$55.62 penalty which said sheriff should have been charged
with on $932.43, the amount of taxes due said county from
said sheriff.    The county court sustained the demurrer to
paragraphs 1, 2, 4, 5, and 6, and overruled same as to
paragraph 3, and the sheriff failing to plead further, or to
introduce any evidence to show that he should have an
additional credit of five dollars named in the third para-
graph, and Laurel county having filed cross exceptions to
said settlement, and asked that said sheriff be charged
with $55.62 penalty as aforesaid, it was finally adjudged

that said exceptions taken by the sheriff be overruled, the said settlement confirmed, and that the said additional charge of $55.62 be charged to the sheriff. From the aforesaid judgment of the Laurel county court the sheriff prosecuted an appeal to the Laurel circuit court. The circuit court overruled the demurrer filed by the county, heretofore referred to, and upon final hearing adjudged that the settlement heretofore referred to was incorrect and should have been surcharged, and it was further adjudged that the sheriff should have been allowed the following credits: $71.25, $66, $5, $14.68, and $937,—and that the charge of $55.62 against the sheriff as penalty should not have been allowed. And it was further adjudged by the circuit court that, upon the whole case, the settlement should show a balance due the said sheriff of $160.50; and the said B. G. Reams, special commissioner of the Laurel county fiscal court, and said Laurel county fiscal court, were ordered and adjudged to make settlement accordingly with the sheriff, and that appellee sheriff should recover of appellants his costs expended,—to all of which the defendants in the court below (appellants now) excepted and prayed an appeal to the court of appeals, which was granted.

It is contended for appellee that the evidence introduced in the court below is not properly before this court, and that the presumption must be that the judgment below is sustained by the evidence, and hence ought to be affirmed. We do not concur in this contention. We think this case is, to all intents, a proceeding in equity; and, the evidence being actually copied and certified to by the clerk, we think the entire record is before this court. But, even if this was not so, the settlement and exceptions filed by the appellee himself are necessarily before the

court, and, we think, show beyond question that the judgment appealed from is erroneous.    Section 4146 of the Kentucky Statutes provides that: "Each sheriff shall, when required by the fiscal court, settle his accounts of county or district taxes; and at a regular term in each year the fiscal court shall appoint some competent person to settle the accounts of the sheriff, the settlement to be filed in the county court clerk's office, and be subject to exception by the sheriff or county attorney.    The county court shall try and determine such exceptions, and an appeal may be prosecuted by either party."    Section 4251 of the Kentucky Statutes provides that:    "The fiscal courts, before allowing and certifying any delinquent lists upon the application of the sheriff, shall administer to the sheriff and his deputies the following oath: 'You do swear that this list of insolvents and delinquents, now before the court and returned by you, is just and true as you believe, according to the knowledge which you have, and that you have been to the residence (if in the county) of the party from whom the tax is due, and that you can not find any property liable to sale for taxes, and that you will true answers make to all questions asked you touching said list, and the efforts made by you to collect the amount thereof.'    The court shall then proceed to examine the sheriff to ascertain the truth of the fact, and upon such answers and other evidence and their own knowledge allow such portion of the lists as may be right, which being certified as allowed, shall entitle the sheriff to a credit in his official settlement."    There is some evidence in this case tending to show that the sheriff presented a list to the fiscal court, but it also appears that he did not take the oath required by the court; and it is certain from the record, as well as the evidence,

that the court never did act or determine as to whether
it would allow or disallow the whole or any part of the
lists, and it further appears that the sheriff finally with-
drew the lists from the court.    We think it clear that
the statute gives to the fiscal courts exclusive original
jurisdiction to pass upon and determine as to what al-
lowance shall be made to the sheriff on account of in-
solvents and delinquents.    We are further of opinion
that all questions of duplicate lists, whether of polls or
property, or other errors in assessments, must first be
passed upon by the fiscal court, before the sheriff is en-
titled to claim a credit from the commissioner therefor.
In other words, the commissioner appointed to settle with
the sheriff has no authority to allow the sheriff any credit
for any of the items before referred to unless the fiscal
court has first allowed him the credit, or exonerated him
from liability for such claims or amounts.    If the fiscal
court should fail to allow proper credits or exonerations,
or make proper corrections as to the assessments or
tax lists delivered to the sheriff, his remedy, if any, is
by appeal to the proper court.    If the fiscal court unrea-
sonably refuses to act in regard to a delinquent list of-
fered by the sheriff, it might be compelled to do so by
mandamus; and hence it follows that the sheriff is not
without legal remedy, even if the fiscal court should fail
to discharge its duty. ·

It is very earnestly argued for appellee that the 937
lists offered by him should be allowed; it being claimed,
and to some extent proven, that a large number of the
delinquents are housekeepers and have not more than $250
worth of personal property, and that such property, under
Constitution, section 170, is exempt from taxation; and
from that it is further argued that there is exempt from

levy or seizure for taxes, $250 worth of personal property. We do not think that this contention is tenable. It is true that section 170 of the Constitution provides that "household goods and other personal property of a person with a family, not exceeding $250.00 in value; crops grown in the year in which the assessment is made, and in the hands of the producers,"—shall be exempt from taxation; but it is provided by Kentucky Statutes (section 171 of the Constitution) that all taxes shall be levied and collected by general laws, and by section 4021 of the Kentucky Statutes it is provided that nothing shall be exempt from levy and sale for taxes and costs incident to the sale.    It will thus be seen that, while $250 worth of personal property is exempted from taxation by section 170 of the Constitution, yet section 171 provides that taxes shall be levied and collected by general laws; and the Legislature of this State has provided that no property shall be exempt from levy and sale for taxes and costs incident thereto.    The fact that $250 worth is exempt from taxation does not at all imply or provide that it shall be exempt from sale for such taxes as the owner may in fact owe.    Moreover, it would be exceedingly difficult and inconvenient to apply such a rule of law, for a party who did not have a large amount of property might contend that he only had $250 worth, and put the sheriff to the trouble of having a valuation made, or else take the statement of the taxpayer, which would often create injustice and confusion, and greatly interfere with the collection of taxes.

The question whether the Laurel county court may yet receive and allow the delinquent list and such other exoneration as the sheriff might have been entitled to is not before this court for decision, and hence no opinion in

regard thereto is expressed. For the reasons indicated, the judgment appealed from is reversed, and the cause remanded, with directions to the circuit court to dismiss the appeal taken by McHargue, the sheriff, from the judgment of the county court of Laurel county, and for other proceedings consistent with this opinion.

Judge O'Rear did not sit.