## HUGHES v. LOVE.

1. CHANCERY APPEALS—SETTLEMENT OF CASE—STATUTES—SINGLENESS OF OBJECT.

Act No. 186, Pub. Acts 1895 (3 Comp. Laws, § 10188), entitled "An act to provide for the examination of witnesses in open court in causes in chancery, and for the settlement of the evidence taken upon such examination and hearing, and for the settlement of a case where the evidence is taken before a circuit court commissioner," does not violate section 20, art. 4, of the Constitution, providing that no law shall embrace more than one object, which shall be expressed in its title; every provision of the act relating to the general object of taking testimony in chancery cases.

2. SAME—TESTIMONY TAKEN BEFORE COMMISSIONER—CONSTRUCTION OF STATUTE.

Said act, in so far as it provides for the settlement of a case where the testimony is taken before a commissioner, is permissive only, and such testimony may still be transmitted to the Supreme Court by the register in chancery, as provided by 1 Comp. Laws, § 552.

3. SAME—FAILURE TO TRANSMIT EXHIBITS—REMEDY.

Failure to transmit books and exhibits constituting a part of the testimony taken before a commissioner in a chancery case is not ground for dismissing an appeal, the remedy being to have them transmitted.

4. SAME—EXTENSION OF TIME TO SETTLE CASE.

An appellant in a chancery case who elects to have the testimony transmitted by the register under 1 Comp. Laws, § 552, is not entitled to an extension of time to settle the case under 3 Comp. Laws, § 10188.

Bill by Fred W. Hughes against William Love for a partnership accounting. There was a decree for complainant, and defendant appealed. On motion by complainant to dismiss the appeal, and by defendant for an order extending the time to make and settle a case. Submitted March 15, 1904. (Calendar No. 20,242.) Motions denied March 23, 1904.

*Crane, Norris & Drew*, for complainant.

*R. A. & W. E. Hawley*, for defendant.

PER CURIAM. The testimony upon which this case was heard in the lower court was taken before a circuit court commissioner. From a decree in favor of complainant, defendant appeals to this court.

The testimony taken before the commissioner was not settled as required by Act No. 186, Pub. Acts 1895 (section 10188, 3 Comp. Laws), and a large number of books and exhibits which constituted a part of the testimony taken before the commissioner were not transmitted with said testimony. Because said testimony was not settled as required by said statute, and because said exhibits and books were not transmitted with the appeal, complainant moves to strike said testimony from the files in this court, and to dismiss said appeal. Defendant insists that said act is unconstitutional, and, if not, that, properly construed, it did not require the testimony in this case to be settled. He also moves for an order extending the time to make and settle the case.

The act in question provides "for the examination of witnesses in open court in causes in chancery, and for the settlement of the evidence taken upon such examination and hearing; and for the settlement of a case where the

evidence is taken before a circuit court commissioner."
It is contended that this violates section 20 of article 4 of
the Constitution, which provides, " No law shall embrace
more than one object, which shall be expressed in its title."
We do not think this contention tenable. Every provision
of this act relates to the general object of taking testimony
in chancery cases. The act, therefore, has but one general
object, and is not unconstitutional. See *People* v. *Ma-
haney*, 13 Mich. 481; *Kurtz* v. *People*, 33 Mich. 279; *At-
torney General* v. *Amos*, 60 Mich. 372 (27 N. W. 571);
*Wardle* v. *Cummings*, 86 Mich. 395 (49 N. W. 212, 538);
*Bissell* v. *Heath*, 98 Mich. 472 (57 N. W. 585).

Does the act require that testimony taken before a circuit
court commissioner shall be settled by the judge as a con-
dition to a review upon that testimony in this court?
Prior to the passage of this act, it was not necessary to
have such testimony settled by the judge, as is shown by
section 552, 1 Comp. Laws. Has the act changed that
practice? That depends upon the construction of this
language:

"*And provided further*, that in all cases, and whether
the same shall be so tried in open court, or the testimony
shall have been taken by deposition or before a circuit
court commissioner, either party shall be entitled to make
and settle a case setting forth in substance all the evidence
taken or read at the hearing, following as far as practica-
ble the making of cases for review at law before the judge
who tried the same, at such time and in such manner as is
now provided by rule for the settlement of bills of excep-
tions in cases at law. And such case, so made and filed
within sixty days after the entry of the final order or de-
cree therein, shall be deemed and held to be the evidence
therein for all purposes of review on appeal to the Supreme
Court. * * * And upon the case so made and filed as
herein authorized, an appeal may be taken to the Supreme
Court by any of the parties to such suit, as in ordinary
chancery causes."

Is this language mandatory or permissive? We think
it permits, but does not require, testimony taken before a
commissioner to be settled before the court as a condition

of appeal. We do not think the legislature intended to abolish the practice then existing. The concluding words of the section indicate that ordinary chancery causes—and these words, when they were originally used in this connection, referred to cases in which testimony is taken before a commissioner (see Act No. 26 of the Public Acts of 1877)—can be reviewed by the Supreme Court as provided in section 552, 1 Comp. Laws, without the testimony being settled as required by this statute.

It results from these views that appellee's motion to strike the testimony from the files and to dismiss the appeal must be denied, unless the failure to transmit the records and books is sufficient ground for granting the motion. We are clearly of the opinion that it is not. The remedy for that failure is to have them transmitted.

Nor do we think that the motion of appellant for an extension of time to settle the case should be granted. Under the construction we place upon this act, he had his choice of two methods. He could have the testimony settled by the court, or transmitted by the register in chancery. He has chosen the latter of these two methods. To permit him to change his choice now would occasion delay, which might be injurious to complainant's interests.

Both motions will therefore be denied. No costs will be awarded.