INCORPORATED TOWN OF GILMAN v. FERNALD.

(Circuit Court of Appeals, Eighth Circuit. October 21, 1905.)

No. 2,148.

COURTS—UNITED STATES CIRCUIT COURT OF APPEALS—APPEAL AND ERROR—MO-
TION TO DISMISS—DELAY IN FILING TRANSCRIPT.

Where a transcript of the record is filed in the Circuit Court of Appeals
within 60 days from the signing of the citation and within the time speci-
fied therein, but after the return day of the writ of error, and the failure
to file it before that return day has not continued the hearing of the case
over any term of court, and no motion to dismiss the writ is made until
the expense of printing the transcript has been incurred, the writ will
not be dismissed.

In Error to the Circuit Court of the United States for the Southern
District of Iowa.

See 123 Fed. 797.

J. P. Lyman and Thomas A. Cheshire, for plaintiff in error.

Joe R. Lane and C. M. Waterman, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

PER CURIAM. A motion has been made to dismiss the writ of error
in this action because, although the writ was returnable on or before the
12th day of November, 1904, the transcript of the record was not filed
until November 28, 1904. Rule 16 of this court requires the filing of
the record with the clerk by or before the return day. Subdivision 5 of
rule 14 provides that all appeals, writs of error, and citations must be
made returnable not exceeding 60 days from the date of signing the cita-
tion. The citation in this case was signed on October 26, 1904, and
was returnable on or before December 25, 1904. The writ of error and
the citation should have been made returnable at the same time, but
through some oversight they were made returnable at different times.
The transcript was filed within the time fixed for appearance in the cita-
tion. The expense of printing the record, which amounted to at least
$100, was paid in January, 1905, and the motion to dismiss the writ was
not filed until February 17, 1905. The writ of error appears to have
been prosecuted in good faith, and the delay in filing the transcript did
not continue the case over any term of this court. Where a transcript
of the record is filed within 60 days from the signing of the citation and
within the time specified therein, but after the return day of the writ
of error, and the failure to file it before that return day has not con-
tinued the hearing of the case over any term of this court, and no mo-
tion to dismiss the writ is made until the expense of printing the tran-
script has been incurred, the writ will not be dismissed. McClellan v.
Pyeatt, 49 Fed. 259, 1 C. C. A. 241; Bingham v. Morris, 7 Cranch, 99, 3
L. Ed. 281; Altenberg v. Grant, 83 Fed. 980, 28 C. C. A. 244.

The motion to dismiss this writ is accordingly denied.