Riverside Oil & Gas Co. v. Tulsa Water, Light, Heat & Power Co.

RIVERSIDE OIL & GAS CO. v. TULSA WATER, LIGHT, HEAT & POWER CO.

No. 135.    Opinion Filed July 13, 1909.

(103 Pac. 608.)

**APPEAL AND ERROR—Transfer of Cause—Method.** A judgment in an action in equity rendered in one of the United States Courts for the Indian Territory before the admission of the state cannot be brought to this court for review after the admission of the state by a proceeding in error, but must be brought by appeal under the federal appellate procedure put in force in the Indian Territory by Act Cong. March 3, 1905, c. 1479, sec. 12, 33 Stat. 1081 (U. S. Comp. St. Supp. 1907, p. 208).

(Syllabus by the Court.)

*Error from the United States Court for the Western District of the Indian Territory, at Tulsa; William R. Lawrence, Judge.*

Action by the Riverside Oil & Gas Company against the Tulsa Water, Light, Heat & Power Company. Judgment for defendant, and plaintiff brings error. Petition in error dismissed.

*Hulette A. Aaby, William F. Tucker,* and *John J. Shea,* for plaintiff in error.

*William T. Hutchings, Geo. A. Murphrey,* and *Wm. P. Z. German,* for defendant in error.

HAYES, J.    This is an action for an injunction originally brought in the United States Court for the Western District of the Indian Territory at Tulsa by plaintiff in error against defendant in error. Trial in that court resulted in a judgment dismissing the petition of plaintiff in error. Judgment was rendered therein on the 11th day of November, 1907, before the admission of the state. Plaintiff in error has attempted to bring that judgment to this court for review by proceeding in error filed herein on April 10, 1908.

Defendant in error objects in its brief to the jurisdiction of this court to review by this proceeding the judgment of the trial

court. The question presented by the contention of defendant in error has been several times before this court for consideration, and it.has been several times held that the federal appellate procedure in force in the Indian Territory prior to the admission of the state governs and controls proceedings for the review of judgments rendered in the court of that territory before the admission of the state. *Moberly v. Roth,* 23 Okla. 856, 102 Pac. 182; *Kelley v. McCombs et al.* 23 Okla. 867, 102 Pac. 186. In *Parks v. City of Ada* (decided at this term of the court), *ante, p.* 168, 103 Pac. 607, the question here presented was directly passed upon, and it was therein held that a judgment rendered in one of the United States Courts for the Indian Territory prior to the admission of the state, from which no appeal had been taken, could not be brought to this court for review by a proceeding in error with petition in error and transcript, but must be brought here under the federal appellate procedure put in force in the Indian Territory by the act of Congress approved March 3, 1905 (Chapter 1479, § 12, 33 Stat. 1081 [U. S. Comp. St. Supp. 1907, p. 208]).

Under the rule of the foregoing cases, this cause must be dismissed, and it is so ordered.

Dunn, Turner and Williams, JJ., concur; Kane, C. J., not sitting.