## OLIVER v. WHITE.

No. 6014—Opinion Filed Dec. 17, 1918.

(176 Pac. 946.)

**Sales — Breach of Warranty — Measure of Damages.**

In an action seeking to recover damages for a breach of warranty as to the quality of personal property, the same must be determined by the difference in value between that contracted for and that delivered·at the point of delivery.

(Syllabus by Hooker, C.)

Error from County Court, Custer County; J. C. McKnight, Judge.

Suit by W. D. Oliver against Arthur White with counterclaims by defendant. From judgment of the District Court for defendant on appeal from a justice's judgment for plaintiff, plaintiff brings error. Reversed and cause remanded for new trial.

Edward R. Hastings, for plaintiff in error.

M. L. Holcombe. for defendant in error.

Opinion by HOOKER, C. Oliver instituted suit in the justice court against White to recover the sum of $125 admittedly due to him by the defendant below. White filed an answer, in which he denied the allegations of the bill of particulars, and by way of counterclaim alleged that he had made a contract with the plaintiff below by the terms of which said plaintiff contracted to deliver to him at Perico. Tex., so many cattle of certain kind and character, but that said plaintiff had failed to comply with the contract and had delivered cattle of inferior character, and as a result of which he had been damaged in the sum of $330; but the effect of his pleading was to remit all damages except the sum of $200, which is the amount for which he asks judgment in the prayer of his pleading.

Judgment was rendered in the justice court in favor of the plaintiff, and an appeal taken to the county court. where the cause was again tried and judgment rendered in favor of the defendant for $78.40. From this judgment Oliver has appealed here and presents several reasons why the judgment of the court should be reversed.

His first contention is that the trial court erred in overruling the plaintiff in error's motion to strike out defendant's counterclaim. This contention is not tenable for the reason that the record does not show that the motion was ever called to the attention of the trial court, and this court in a number of cases has held that the Supreme Court will not consider an alleged error of the trial court in refusing to sustain a motion where the record does not affirmatively show that the motion was ever acted upon by the court and exceptions taken thereto by the complaining party. Blackburn v. Morrison, 29 Okla. 510, 118 Pac. 402, Ann. Cas. 1913A, 523: Perkins v. Perkins. 37 Okla. 393, 132 Pac. 1097: Bohart v. Mathews. 29 Okla. 315, 116 Pac. 944.

It is further urged that this action should be reversed for the reason that the county court did not have jurisdiction of the amount involved.

As stated, the action was instituted by the plaintiff below to recover a judgment for less than $200. To this petition or bill of particulars the defendant below filed an answer consisting of a general denial and a counterclaim setting forth damages by reason of the failure to comply with this contract in the sum of $331, and by the prayer of the counterclaim only sought to recover damages to the extent of $200. The prayer of the pleading here determines the jurisdiction of the court and fixes the amount in

controversy. However, no objection was made in the trial of this case, either in the justice or the county court upon appeal to the jurisdiction of the court on account of the amount involved in this counterclaim. However, the amount involved is not in excess of the jurisdiction of the justice court for the reasons stated above. Had the defendant below instituted a suit for $200 and the plaintiff below had pleaded as a defense the claim sued upon, the justice court would unquestionably have had jurisdiction of the cause, and that is what is presented here.

The court, however, in his instructions did tell the jury that the plaintiff was entitled to recover more than the pleadings justified, and in fact the defendant upon his counterclaim did recover more than his pleadings authorized, inasmuch as the defendant below admitted that he owed the $125, for which this action was instituted to recover, and he recovered a judgment for $78.40, which is $340 more money than he was entitled to recover. This error, if any, could be cured by a remittitur in this court.

The instructions offered by the plaintiff in error in the trial below and refused by the court do not constitute error in this cause, for the reason that they were fully covered in the instructions given by the court. The measure of damages as given by the court is in accordance with section 2865, Rev. Laws 1910, which provides:

"The detriment caused by the breach of a warranty of the quality of personal property, is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with over its actual value at that time."

The contention here was that there had been a breach of warranty as to the quality of certain steers, and that the defendant was entitled to recover a difference between the value of the property had they been as represented, and as they were.

A serious question, however, is presented by this court. The delivery to the defendant below of the cattle in question was to be had at Perico, Tex. That being true, the measure of damages must be determined by the difference in value at the point of delivery, and not the difference in value at Clinton, Okla., or any other place.

The evidence here, which was introduced seeking to prove the damages, was all received over the objection of the plaintiff below and did not fix the value at point of the place of delivery, neither did the instructions of the court. This in our judgment constitutes error which is sufficient to reverse this cause. We are of the opinion that the question of damages should be considered with reference to the value of the cattle at the point where delivery was to be made.

The judgment of the lower court is therefore reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.