**E. Thomas MEYERS, a/k/a Thomas L. Meyers, Plaintiff-Appellee,**

v.

**B.J. JOHANNINGMEIER, Defendant-Appellant.**

**No. 85CA1091.**

Colorado Court of Appeals, Div. I.

Feb. 5, 1987.

March, Myatt, Korb, Carroll & Brandes, Mark L. Korb, Fort Collins, for plaintiff-appellee.

Richard Djokic, Fort Collins, for defendant-appellant.

PIERCE, Judge.

In this action on a promissory note, defendant, B.J. Johanningmeier (Johanningmeier), appeals from a summary judgment entered in favor of plaintiff, E. Thomas Meyers (Meyers). The judgment also awarded to Meyers his attorney fees and costs pursuant to the provisions of the note. We affirm.

Johanningmeier executed a promissory note payable to Stephen A. Sharf. Sharf

negotiated the note to Meyers for a valuable consideration recited in the endorsement. While Johanningmeier alleges other agreements between himself and Sharf regarding the note, none of these agreements are reflected in the note or its endorsement, nor is there any indication in the record that Meyers had any knowledge of the other agreements at the time of the negotiation of the note. The parties are in agreement that Meyers is a holder in due course.

Johanningmeier acknowledges that, in general, a holder in due course takes his instrument free from all claims and defenses of any party to an instrument with whom the holder has not dealt under normal circumstances. However, he claims a defense under the provisions of § 4-3-305(2)(c), C.R.S.

That section provides a defense against the rights of holders in due course in circumstances in which there is "such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms...." This defense was known at common law as "fraud in the factum." It is fraud exercised in reference to the acts of signing and delivering an instrument, sometimes by a deceptive substitution of documents causing someone to sign an instrument without knowing the consequence of his act. *Blackburn v. Morrison*, 29 Okla. 510, 118 P. 402 (1910).

Section 4-3-305, C.R.S. (Official Comment 7) states:

"The test of the defense [stated in this subsection] is that of excusable ignorance of the contents of the writing signed. The party must not only have been in ignorance, but must also have had no reasonable opportunity to obtain knowledge...."

Unless the misrepresentation meets this test, the defense is not effective against a holder in due course.

Although Johanningmeier, at least later on, knew of other documents which might bear on the negotiability of the note, nothing in the record before the trial court at the time summary judgment was granted would give any indication that Johanningmeier was not fully aware that he was executing a valid negotiable promissory note when he placed his signature on it. Nor was there any showing that he was unaware of the terms contained within the four corners of the instrument. Hence, there was nothing before the court to show validity to this defense, and the trial court properly granted summary judgment to Meyers.

We decline to impose any sanction under C.A.R. 38(d).

Judgment affirmed.

KELLY and METZGER, JJ., concur.